IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK S. GIETZEN,

        Plaintiff,

v.                                            Case No. 6:15-cv-01380-JTM

BENEFICIAL MORTGAGE CORPORATION,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on defendant Beneficial Mortgage Corporation's Motion to Dismiss (Dkt. 10). The motion asserts that plaintiff Mark Gietzen's claims are barred by res judicata, collateral estoppel, or other doctrines, and that the complaint otherwise fails to state a valid claim for relief.

**I. Background.**

On December 12, 2012, Gietzen filed a pro se petition against Beneficial in the District Court of Sedgwick County, Kansas. Gietzen claimed that after being wrongfully evicted from his home at 5575 South Mosely Street in Wichita, he discovered that the home had been ransacked and that a number of items, totaling $104,704.99 in value, had been stolen. He alleged that the property had been in the exclusive care, custody and control of Beneficial, that Beneficial had the only key to the house, and that there were no signs of a forced entry. Giezten alleged claims for conversion, negligence, and breach of contract. The breach of contract claim stemmed from an alleged promise by Beneficial

in 2002, when it issued a loan to Gietzen and took a mortgage on the home, to help Gietzen recover damages from a contractor who had allegedly caused extensive damage to the home. Giezten claimed the promise had been breached and that it caused him to suffer a loss when the mortgage was foreclosed in 2009.

Beneficial removed the case to federal court based upon diversity of citizenship, and the case was assigned to Judge Richard Rogers. *See Gietzen v. Beneficial Mortgage Corp.*, No. 13-cv-1059-RDR (U.S. Dist. Ct., D. Kan.). On April 9, 2013, Judge Rogers dismissed the action, finding that plaintiff's exhibits showed that a property management company, not Beneficial, was responsible for the conduct alleged by plaintiff, such that his conversion and negligence allegations failed to state a claim for relief against Beneficial. He also found the breach of contract claim was barred by the statute of limitations. *Id*. (Dkt. 14 at 5-6).

On October 23, 2015, Gietzen filed another petition in Sedgwick County District Court. This second petition, which forms the basis of the current action, contains conversion and negligence claims essentially identical to the prior complaint. It does not include a breach of contract claim. Beneficial removed the action based upon diversity of citizenship, and now moves to dismiss.

Beneficial argues the claims are barred by res judicata (claim preclusion) because there was a final judgment on the merits in the prior case, the parties are the same, and the causes of action are the same. Dkt. 11 at 4 (*citing Atkins v. Heavy Petroleum Partners, LLC*, 86 F.Supp.3d 1188 (D. Kan.), *aff'd,* 2015 WL 7974174 (10th Cir. Dec. 7, 2015)). It additionally argues the claims are barred by collateral estoppel. Dkt. 11 at 5. Finally,

Beneficial contends the allegations fail state a claim upon which relief can be granted. It argues that Gietzen's own exhibits show that a property management company, rather than Beneficial, was in control of the house at the time of the alleged theft; that the complaint fails to allege that Beneficial (or the property management company) exercised unauthorized dominion over the goods; and it fails to allege any facts showing a breach of duty by Beneficial. *Id*. at 7-10.

Gietzen's response to the motion addresses none of these arguments. Dkt. 19. Instead, he reasserts that Beneficial promised to help him collect damages from a contractor, argues that Beneficial concealed a 2002 phone conversation recording in which it promised to help him, that Beneficial wrongfully took possession of his home and the property in it, and that Beneficial either "intentionally took [his] personal property … or through neglect, allowed others to do so." Dkt. 19 at 4.

**II. Discussion.**

"Res judicata, or claim preclusion, precludes a party ... from relitigating issues that were or could have been raised in an earlier action, provided that the earlier action proceeded to a final judgment on the merits." *Wanjiku v. Johnson Cty.*, No. 15-CV-02658-DDC-TJJ, 2016 WL 1255621, at *4 (D. Kan. Mar. 29, 2016) (*quoting King v. Union Oil Co.*, 117 F.3d 443, 445 (10th Cir.1997)). It requires proof of four elements: 1) the prior suit must have ended with a judgment on the merits; 2) the parties must be identical or in privity; 3) the suit must be based on the same cause of action; and 4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit. *Nwosun v.*

*General Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997). *See also State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 (2014).

All of the elements of res judicata are met here. A Rule 12(b)(6) dismissal, unless otherwise indicated, constitutes a dismissal with prejudice. *Wanjiku*, 2016 WL 1255621, *4 (*quoting Slocum v. Corp.Express U.S. Inc.*, 446 Fed.Appx. 957, 960 (10th Cir.2011) (unpublished table opinion)); *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 (10th Cir. 2014). The judgment of dismissal under Rule 12(b)(6) in Gietzen's prior case, No. 13-cv-1059, ended with a judgment on the merits. The parties in each of the two cases are identical, and the causes of action asserted are the same. *See Merswin v. Williams Companies, Inc.*, 364 Fed.Appx. 438, 441, 2010 WL 373672, **2 (10th Cir. 2010) (it is settled that the district court can take judicial notice of its own decision and records in a prior case involving the same parties). Finally, Gietzen does not argue that he was deprived of a full and fair opportunity to litigate the claim before Judge Rogers, and the record shows no such denial. Having brought these claims in a prior action that resulted in a judgment of dismissal on the merits, Gietzen is precluded from again bringing the claims against Beneficial in this action.

**IT IS THEREFORE ORDERED**  this 18th day of May, 2016, that defendant Beneficial Mortgage Corporation's Motion to Dismiss (Dkt. 10) is GRANTED. The action is hereby dismissed on the merits, with plaintiff Mark S. Gietzen to take nothing on his claims.

                                    ___s/ J. Thomas Marten_____
                                    J. THOMAS MARTEN, JUDGE